UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MICHEL MOJARENA MORA #A089-095-305     CASE NO.  6:26-CV-01119 SEC P

VERSUS                                                                JUDGE JAMES D. CAIN, JR.

U S IMMIGRATION & CUSTOMS                        MAGISTRATE JUDGE PEREZ-MONTES
ENFORCEMENT

### MEMORANDUM ORDER

Before the court is a Motion for Temporary Restraining Order [doc. 2] filed by petitioner Michel Mojarena Mora, seeking a stay of removal and an order prohibiting his transfer during the pendency of his habeas proceedings. Mr. Mora, a native of Cuba, states that he was taken into immigration custody on February 20, 2026, pursuant to a removal order issued in December 2022. Doc. 1, p. 4; doc. 1, att. 2, p. 3. He challenges his overstay in detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Doc. 1, att. 1.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's

discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Here the court **DENIES WITHOUT PREJUDICE** petitioner's TRO motion because he has not shown a likelihood of success on the merits as required to warrant that extraordinary remedy. The length of his detention exceeds the six month period found presumptively reasonable in *Zadvydas*. Accordingly, he cannot show a likelihood of success on the merits at this point and the court hereby **ORDERS** that the Motion for Temporary Restraining Order [doc. 2] be **DENIED**. The petition [doc. 1] will be reviewed by the magistrate judge once the deficiencies are corrected.

**THUS DONE AND SIGNED** in Chambers on the 10th day of April, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**